FREDERICK C. FLOYD & another *vs.* CHARLES L. STORRS.

Suffolk.  Nov. 20, 1886. — Feb. 25, 1887.  HOLMES & GARDNER, JJ., absent.

C. entered into a written agreement with A. and B. as partners, by which C. leased to A. and B. his interest in a certain newspaper until a day named, and which provided that, in case of a termination of the partnership existing between A. and B., the partner succeeding to the business might continue by himself alone, or by a new partnership satisfactory to C.; and that it should "be the privilege of the party of the second part" to renew the contract for an additional term. Before the expiration of the first term named in the agreement, A. and B. dissolved their partnership, and afterwards renewed it, B. retaining only a nominal interest therein, and A. conducting the business. *Held,* that A. and B. could maintain a bill in equity against C. to enforce specific performance of the agreement to renew the lease.

BILL IN EQUITY, filed December 30, 1884, by Frederick C. Floyd and Charles A. Jackson, copartners under the name of the Inquirer Publishing Company, to enforce specific performance of an agreement to renew the lease of a newspaper. The case was heard by *Devens,* J., and reported for the consideration of the full court, in substance as follows:

A previous bill in equity had been brought by the plaintiff Floyd against the defendant, on December 16, 1884, setting forth an agreement made between himself and Jackson on the one part, and the defendant on the other, by which, on certain terms, the defendant leased to them his interest in a certain newspaper called the South Boston Inquirer, which was thereafter to be conducted by Floyd and Jackson, on certain terms, until January 1, 1885, and was, by said agreement, to be printed, on certain terms set forth therein, by the defendant. Said agreement contained a clause, by which, on further terms, the defendant agreed to renew the contract for a further term of five years after January 1, 1885.

The partnership agreement between Floyd and Jackson was in writing; and, without consultation with the defendant, the partnership was dissolved during the pendency of the term for which the contract was made. The bill sought to have the defendant restrained from interfering with the plaintiff in his publication of the newspaper, and to compel the defendant to renew his contract with the plaintiff Floyd for the additional term of five years, the defendant having denied his liability thus to renew, and asserted his intention to resume control of the paper on January 1, 1885.

The bill was demurred to, and the demurrer thereto sustained on December 27, 1884, apparently, among other grounds, because, if any right existed to have such lease renewed, it was one which could only be enforced by both the parties originally contracting with the defendant.

After the decision above referred to was made, the plaintiffs renewed their partnership for five years by an agreement of December 29, 1884, providing that Jackson, who had not withdrawn his capital upon the dissolution of the firm, should allow it to remain in the business, and draw an annual sum equal to interest thereon, and should be at liberty to engage in other business; and that Floyd should give all his time and attention to the business, and have the entire charge and control of the same; and on that day the plaintiffs demanded of the defendant that he should renew the lease made to them for the additional term of five years, and should thereafter perform all things agreed upon by him to be performed for such additional time. This the

defendant wholly refused, asserting that he was under no obligation to do so, and also contending that he could resume full control of the paper.

The plaintiffs thereupon brought this present bill. It appeared that the plaintiffs had entered into an agreement with the defendant on October 25, 1879, as alleged in the previous bill, containing the following provisions: "In case of a termination of the partnership existing between the party of the second part [the plaintiffs], the partner succeeding to the business may continue by himself alone, or by a new partnership satisfactory to the party of the first part [the defendant]; but in no event shall a new contract be made between said party of the first part and the retiring partner of the parties of the second part. The agreement shall remain in force till the first of January, 1885, unless said party of the second part shall conclude, previous to the first of January, 1880, to annul the entire contract. . . . It shall furthermore be the privilege of the party of the second part to renew this contract upon the same terms, at the expiration of the time to which it is limited, for an additional period of five years." This agreement had been fully and fairly performed on both sides, and the value of the paper had increased during the time it had been thus carried out.

On October 21, 1884, the plaintiffs dissolved their partnership, and announced in the newspaper itself Jackson's retirement, and that Floyd would henceforth conduct its publication alone.

Floyd continued to appear as the sole proprietor after the renewal of the partnership, and up to the time of the hearing, but, as it was understood between them that the right to a renewal of the lease was of value, it was orally agreed between them that, unless Floyd could himself obtain this renewal, their partnership should be resumed. No final adjustment or settlement of partnership matters was ever made between them; but there was due Jackson some $200, of which Floyd paid him $100 at the time of the dissolution. No part of this payment was repaid to Jackson at the time of the renewal, nor had any of it been so repaid up to the day of the hearing.

The judge found that the renewal of the partnership between Floyd and Jackson was made for the purpose of preserving what they deemed their rights under the agreement for a renewal

thereof for the additional term of five years. After the dissolution of the contract between Floyd and Jackson, Jackson engaged in other business. He withdrew no funds from the firm after the renewal, but considered he had a claim against it, or would so have on the final settlement of its affairs.

The judge ruled that it was the duty of the defendant to renew his contract with the plaintiffs, and to perform what he therein agreed to perform; and ordered a decree for the plaintiffs.

*M. F. Dickinson, Jr., & H. R. Bailey,* for the defendant.

*C. J. Noyes,* for the plaintiffs.

W. ALLEN, J. The agreement to renew the contract is a proper subject for a decree for specific performance; and that is all that the plaintiffs asked at the argument.

The defendant contends that the contract of renewal was with the plaintiffs as copartners, and cannot be enforced for the benefit of one of them after the dissolution of the copartnership. Without considering how this would have been, had the contract been silent on the subject, we think that the provision that, in case of a termination of the partnership, the partner succeeding to the business may continue by himself alone, or by a new partnership satisfactory to the defendant, is an answer to the objection. This authorized a dissolution of the copartnership which existed between the plaintiffs, and the continuance, by one of them alone, of the use of the property and the publication of the paper under the contract, after as well as before the renewal or extension of time provided for by it. The provision does not intend a termination or change of the contract; its import is only that the business mentioned in the contract, and in which the property and rights transferred to the plaintiffs were to be used, — that of editing and publishing a newspaper, — might be conducted by one of the plaintiffs alone, instead of by both of them as copartners. There is nothing in it which can affect the right to renew the contract.

The new partnership entered into between the plaintiffs is not material. As they are joint parties to the contract, and must be to the renewal, a partnership in which one of them has a nominal interest, and nothing to do with the business, would seem to have very little effect upon the rights of the defendant.

Certainly he cannot complain of it.    It recognizes, if it does not extend, the joint liability of the co-contractors and copartners. It introduces no new party, and is not such a new partnership for continuing the business as would be prohibited by the contract. If the plaintiffs had changed the terms of the first copartnership to those of the second, the effect would have been the same, as regards the defendant, as dissolving the first partnership and after a time forming the second.

Upon the facts reported, we think that the plaintiffs are entitled to a decree for the specific performance of the agreement to renew the contract.                    *Decree for the plaintiffs.*